IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                              **CAUSE NO. 1:18CR102-LG-RHW-1**
                                                **CIVIL NO. 1:20CV222-LG**


**MYLES MOODY**

### MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255

**BEFORE THE COURT** is the [48] Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence filed by Defendant Myles Moody on the basis

of ineffective assistance of counsel.  The Government filed a Response in Opposition

to the Motion.  After reviewing the submissions of the parties, the record in this

matter, and the applicable law, the Court finds that the Motion to Vacate should be

denied.

## BACKGROUND

Moody pled guilty to one count of possession with intent to distribute five

grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(B).  On May 3, 2019, the Court sentenced him to serve seventy-eight months

of imprisonment and five years of supervised release.  Moody appealed his sentence,

but the Fifth Circuit dismissed his appeal on June 24, 2019 for want of prosecution.

Moody filed the present Motion to Vacate[1] alleging five grounds of ineffective

---

[1] Moody has certified that he placed his Motion in the prison mailing system on
June 17, 2020.  (Mot., at 13, ECF No. 48.)  Therefore, his Motion is timely.

assistance of counsel: (1) failure to object to the two-point importation enhancement; (2) failure to object "to a disparity based upon a disagreement as to the methamphetamine purity ratio"; (3) failure to object to Special Condition No. 3, which concerns participation in drug treatment; (4) failure to object to the standard supervised release condition permitting visitation by a probation officer at any time; and (5) failure to object to the standard condition for risk notification. Since Moody's former attorney passed away before Moody's Motion to Vacate was filed, the Court was not able to obtain an affidavit from his former attorney. The Government has filed a response in opposition to the Motion.

## DISCUSSION

28 U.S.C. § 2255(a) provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." A defendant may, as part of a plea agreement, waive the right to seek post-conviction relief, including relief pursuant to § 2255. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). However, Moody reserved the right to raise ineffective assistance of counsel claims when he signed the Plea Agreement. (Plea Agreement, at 5, ECF. No. 31). Therefore, he has not waived his right to pursue the claims he presents in his Motion to Vacate.

In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 468 U.S. 668

(1984), to establish that he is entitled to relief. Specifically, he "must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense." *Woodward v. Epps*, 580 F.3d 318, 325 (5th Cir. 2009). "[T]o establish deficient performance, a [defendant] must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Id.* (citation, quotation marks, and brackets omitted). Courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 468 U.S. at 689. "To prove prejudice, the defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002) (quoting *Strickland*, 466 U.S. at 694).

## I. TWO-POINT IMPORTATION ENHANCEMENT

Moody first argues that his former attorney provided ineffective assistance by failing to object to the two-point importation enhancement at sentencing. Moody claims that the enhancement was improper pursuant to *United States v. Nimerfroh*, 716 F. App'x 311 (5th Cir. 2018).

Section 2D1.1(b)(5) of the Sentencing Guidelines provides for a two-level enhancement if "the offense involved the importation of amphetamine or methamphetamine" and the defendant does not receive a mitigating role adjustment. U.S.S.G. § 2D1.1(b)(5). In *Nimerfroh*, the Fifth Circuit held that the defendant's statements that he was dealing with a "cartel" were insufficient evidence to support an importation enhancement. *Nimerfroh*, 716 F. App'x at 316.

The court reasoned, "Even if his use of the word 'cartel' could be read to mean a Mexican cartel, such reading says nothing about where the cartel's activities took place nor does it speak to where the methamphetamine came from and whether it was imported." *Id.* Since there was no other evidence or testimony to support a finding of importation, the Fifth Circuit held that the district court erred in applying the enhancement. *Id.* Nevertheless, no reversible error was committed because the district court's error was harmless and did not change the applicable guideline range. *Id.*

The *Nimerfroh* decision is not applicable to the facts of this case. The importation enhancement was applied in the present case based on the purity level of the methamphetamine, not due to vague statements regarding a cartel. As a result, Moody's former attorney was not ineffective for choosing not to object based on the *Nimerfroh* decision.

## II.  APPLICATION OF METHAMPHETAMINE SENTENCING GUIDELINES

Moody next argues that his former attorney was ineffective "in failing to object to a disparity based upon a disagreement with the methamphetamine purity ratio." (Def.'s Mot., at 14, ECF No. 48). In support of this argument, Moody cites *United States v Hayes*, 948 F. Supp. 2d 1009 (S.D. Iowa 2013).

In *Hayes*, the court found that the methamphetamine guidelines were not based on empirical evidence and would impose lengthier sentences than necessary to accomplish the purposes of 18 U.S.C. § 3553(a). 948 F. Supp. 2d at 1025-29, 1033. With respect to the drug-purity disparity, the court found that, "[w]hile it

may seem logical to punish a pure substance more than mixed substance, there is
no support in the legislative history to explain the formula underlying greater
methamphetamine purity to greater months of imprisonment." *Id.* at 1025.  The
court reasoned that the methamphetamine guidelines can, therefore, create an
unwarranted disparity, particularly where the offender is "merely a courier or mule
who has no knowledge of the purity of the methamphetamine he or she is
transporting." *Id.*  As a result, the court granted a variance.  *Id.* at 1033.

The *Hayes* decision is not binding on this Court because it was decided in
another jurisdiction.  In addition, the Court has located no precedent in the Fifth
Circuit for granting a variance based on a disagreement with the Guidelines'
recommendations for treatment of methamphetamine purity levels.  Therefore,
Moody's former attorney was not ineffective in choosing not to request such a
variance.

## III.  CONDITION REGARDING PARTICIPATION IN DRUG TREATMENT

Moody also argues that his former attorney violated his "Sixth Amendment
rights by failing to object to Special Condition No. 3[,] which left participation in
therapy to [the] discretion of [the] probation officer, an impermissible delegation of
judicial authority." (Def.'s Mot., at 15, ECF No. 48.)  In support of this argument,
Moody cites *United States v. Simpson*, 788 F. App'x 991 (5th Cir. 2020).

The imposition of supervised release conditions and terms "is a core judicial
function that cannot be delegated." *United States v. Franklin*, 838 F.3d 564, 568
(5th Cir. 2016) (internal quotation marks and citations omitted).  In *Simpson*, the

Fifth Circuit considered a challenge to a condition requiring the defendant "to participate in programs for substance abuse treatment, mental health treatment, cognitive behavioral treatment, and workforce development *if deemed necessary by the probation officer*." 788 F. App'x at 992 (internal quotation marks omitted, emphasis added). Since language of this nature "creates an ambiguity regarding whether the district court intended to delegate authority not only to implement treatment but to decide whether treatment was needed," the Fifth Circuit vacated the condition and remanded for resentencing. *Id.* The Fifth Circuit explained that, on remand, the district court could make treatment mandatory while leaving "a variety of details, including the selection of a therapy provider and schedule to the probation officer." *Id.*

In the Judgment entered in Moody's case, Special Condition 3 provides:

> The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation office. If enrolled in a drug treatment program, the defendant shall abstain from consuming alcoholic beverages during treatment, and shall continue to abstain for the remaining period of supervision. The defendant shall contribute to the cost of treatment in accordance with the probation office Copayment Policy.

(J., at 5, ECF No. 37). The Fifth Circuit has held that requiring a defendant to participate in drug treatment "as directed by the probation office" is not an impermissible delegation of judicial authority. *United States v. Rhodes*, 694 F. App'x 259, 260 (5th Cir. 2017). Since the special condition is not an improper delegation of judicial authority, Moody's former attorney was not ineffective in failing to object to the condition.

## IV.  CONDITION CONCERNING VISITATION BY PROBATION

Moody next argues that his former attorney was ineffective in failing to object "to the supervised release standard condition permitting probation officer visitation at any time."  (Def.'s Mot., at 16, ECF No. 48).  Moody appears to reference Standard Condition 6 of the Judgment, which provides, "You must allow the probation officer to visit you at any time at your home or elsewhere . . . ."  (J., at 4, ECF No. 37).  Moody claims that *United States v. Prentice*, 956 F.3d 295 (5th Cir. 2020), supports his argument.  However, in *Prentice*, the Fifth Circuit held that a district court did not commit plain error by imposing a similar visitation condition because the Fifth Circuit has not yet addressed the constitutionality or statutory reasonableness of such a condition.  956 F.3d at 301.  The Court cannot hold that Moody's former attorney was ineffective in failing to object to a standard condition that the Fifth Circuit has never rejected as unconstitutional or otherwise in violation of a defendant's rights.  *See Tyson v. United States*, No. CR CCB-03-0056, 2015 WL 7273147, at *2 (D. Md. Nov. 18, 2015).

## V.  RISK NOTIFICATION

Finally, Moody asserts that his former attorney erred in failing to object to Standard Condition 12 in the Judgment, which provides:

> If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.

(J., at 4, ECF No. 37).  Moody cites *United States v. Cabal*, 926 F.3d 687 (10th Cir. 2019), which held that an identical condition constituted an impermissible delegation of judicial authority.  However, the Fifth Circuit has not yet decided whether the instant notification condition is an improper delegation.  *United States v. Johnson*, 777 F. App'x 754, 754 (5th Cir. 2019).  As explained previously, Moody's former attorney's failure to object on legal grounds that have yet not been addressed by the Fifth Circuit does not constitute ineffective assistance.

**CONCLUSION**

For the foregoing reasons, Moody's § 2255 Motion is denied because his former attorney did not provide ineffective assistance.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [48] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Defendant Myles Moody is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of October, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE